Matter of Sullivan v 226-8 E. 2nd Owners Corp. (2018 NY Slip Op 06314)





Matter of Sullivan v 226-8 E. 2nd Owners Corp.


2018 NY Slip Op 06314


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


7155 101371/15

[*1]In re Matthew Sullivan, Petitioner-Respondent,
v
226-8 East 2nd Owners Corp., et al., Respondents-Appellants.


Law Office of Allison M. Furman, P.C., New York (Allison M. Furman of counsel), for appellants.
Robinson Brog Leinwand Greene Genovese & Gluck P.C., New York (Philip T. Simpson of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered October 4, 2016, granting an article 78 petition directing respondents to sign off on petitioner's application to the New York City Department of Buildings (DOB) for the construction of a roof deck, and denying respondents' cross motion to dismiss the petition, unanimously modified, on the law, to vacate the judgment as against the individual defendants, dismiss the proceeding as against them, and otherwise affirmed, without costs. The Clerk is directed to enter judgement accordingly.
The court correctly rejected respondents' argument that the article 78 petition was not ripe for review. While respondent cooperative board did not make a formal, final determination on petitioner's request that it execute the forms necessary for petitioner to submit his application to the New York City Department of Buildings (DOB) for his proposed roof deck, the record supports the conclusion that petitioner had the right to seek article 78 judicial relief from respondents' inaction under the circumstances here. As the court found, petitioner submitted his request to the board on numerous occasions, answered the board's questions regarding the construction of the roof deck and his compliance with the conditions DOB had set for its approval, and sent a letter to the board on April 25, 2015, stating that its failure to execute the forms by May 1, 2015 would be deemed a refusal, to which the board declined to respond. By July 28, 2015, when petitioner filed his article 78 petition, it was apparent that the board's failure to make a determination on the request or even respond to his letter was the equivalent of a refusal and that further efforts to obtain a response from the board would have been futile.
As respondents argue only that there was no basis for the court's article 78 review, and not that the court's substantive conclusions were erroneous, there is no basis for reversing the judgment ordering respondents to authorize petitioner to submit the DOB application. Given that there are no allegations in the petition seeking individual relief against the separately named
board members, and that the likewise limited relief ordered by the court does not direct relief against any of them, the petition is denied as against those respondents.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK